1  NICOLAS S. GIKKAS (SBN 189452)
   THE GIKKAS LAW FIRM
2  530 Lytton Avenue
   2nd Floor
3  Palo Alto, California 94301
   Phone:  (650) 617-3419
4  Facsimile:  (650) 618-2600
   Email:  nsg@gikkaslaw.com
5

6  KIEUN SUNG-IKEGAMI (SBN 211762)
   JON IKEGAMI (SBN 211766)
7  INNOVATION COUNSEL LLP
   2880 Lakeside Drive
8  Suite 200
   Santa Clara, California 95054
9  Phone:  (408) 331-1670
   Facsimile:  (408) 638-0326
10 Email: jsung@innovationcounsel.com
           jikegami@innovationcounsel.com
11

12 Attorneys for Plaintiff
   PETZILLA, INC.
13

14                  UNITED STATES DISTRICT COURT

15                 NORTHERN DISTRICT OF CALIFORNIA

| PETZILLA, INC. a Delaware corporation, d/b/a Petzila, | Case No. |
|---|---|
| Plaintiff, | **COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NONINFRINGEMENT AND INVALIDITY** |
| v. | |
| ANSER INNOVATION LLC, a Minnesota limited liability company, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

**COMPLAINT**

Plaintiff PETZILLA, INC., d/b/a Petzila ("Petzila"), by its attorneys, alleges as follows:

## INTRODUCTION

1. This is an action for declaratory judgment that United States Patent No. 7,878,152 ("the '152 patent") is not infringed by Petzila, either directly or as an inducing or contributory infringer, or that the '152 patent is invalid, or both.

## THE PARTIES

2. Plaintiff Petzila is a corporation organized and existing under the laws of Delaware, with a principal place of business in this district at 560 Winchester Boulevard, Suite 500, San Jose, California, 95128.

3. On information and belief, ANSER INNOVATION LLC ("Anser" or "Defendant") is a limited liability company organized and existing under the laws of Minnesota, having an address and place of business at 14101 Southcross Drive West, Suite 100, Burnsville, Minnesota, 55337.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (federal question), 1338(a) (action arising under an Act of Congress related to patents), 2201 and 2202 (Declaratory Judgment Act), 35 U.S.C. § 1, et seq. (patent laws), that the '152 patent is not infringed by Petzila, or is invalid, or both.

5. On information and belief, Defendant is subject to this Court's personal jurisdiction, consistent with the principles of due process and the California Long Arm Statute, at least because Defendant offers its products for sale in the Northern District of California ("this District"), and/or has transacted business in this District.

6. Plaintiff Petzila maintains its principal place of business in San Jose, California, and the core facts alleged in this action have a locus in this District.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(a), 1391(c) and 1391(d).

## INTRADISTRICT ASSIGNMENT

8. Pursuant to Local Rules 3-2(c) and 3-5(b), assignment of this intellectual property action is subject to district-wide assignment.

**COMPLAINT**

## FACTS COMMON TO THE CAUSES OF ACTION

### Defendant's Commercial Activities

9. On information and belief, between July 23 and July 25, 2013, Defendant displayed its PetChatz product at a booth in the SuperZoo National Show for Pet Retailers at the Mandalay Bay Convention Center in Las Vegas, Nevada. On information and belief, offers for sale of the PetChatz product were made at the SuperZoo convention to citizens of the State of California. On information and belief, offers to sell the PetChatz product were made at the SuperZoo convention to distributors and retailers located in the State of California.

10. Attached hereto as Exhibit A are true and correct copies of pages taken from Defendant's website, www.petchatz.com, that were retrieved on October 21, 2013, stating that "PetChatz is available today for on-line pre-order here with delivery expected in time for the holidays." In addition, the Defendant's website states that PetChatz "will be available nationally in specialty pet stores and other retailers in First Quarter 2014" and the "MSRP is $349." Exhibit A. Other related PetChatz product accessories are also offered for sale. See Exhibit A.

11. On information and belief, on or before October 23, 2013, Defendant's interactive virtual store has been directly and continuously offering for sale and selling the PetChatz product to citizens of the State of California and, specifically, to individuals residing in this District. Attached hereto as Exhibit B is a true and correct copy of the Declaration of Sandra Ellenburg in support of this Complaint.

12. On information and belief, on December 12, 2013, Ms. Lisa Lavin, Founder and CEO for the Defendant, gave a televised interview on the Fox Television Network ("Fox"), where said interview was made publicly accessible on the Fox website. Ms. Lavin made numerous statements to Fox in the aforementioned interview regarding the sales of the PetChatz product, among other things, including the following:

> Fox: When is it coming out, though, and how long – the cost of it as well – and how long it took you to develop this?
>
> Lavin: Well, we've been working on this product since, ah, 2011, and actually, even before that, our inventor, who, ah, put together three patents plus other patents that are pending on this product. It's coming out beginning of next year – early next year. It will be available both on-

**COMPLAINT**

3

| | |
|---|---|
| | line at PetChatz.com as well as in retail pet stores, nationally. |
| | * * * |
| Fox: | What kind of, would you ever do, for the PetChatz, the first application, would you ever do infomercials to sell it? Is that another avenue that you'd take? |
| Lavin: | You know, we've looked at a lot of different marketing strategies. Right now, one of the biggest things that's happening for us is social media. [It] has just taken hold of PetChatz. We're getting orders, preorders – every single day. We get emails every single day, just because people around the world are so excited about PetChatz, and it's just spreading like a wildfire. |
| Fox: | People are obsessed with their pets, and they'll spend any amount of money on them. Ya, know, just treats galore, whatever it takes to make them happy. Lisa? |
| Lavin: | Exactly. Well, did you know it's over a $55 billion market? Um, we know that 68 percent of pet owners, [rather] 68 percent of the population, are pet owners in the United States. We're just spending a ton of money; specifically, pet parents. . . . |

Retrieved on March 13, 2014 from http://video.foxbusiness.com/v/2928548423001/video-chat-with-your-pet/?intcmp=obnetwork#sp=show-clips [video file].

13. On information and belief, Defendant has one or more contracts with PayPal, Inc., a wholly-owned subsidiary of eBay, Inc., with corporate headquarters in this District, allowing payments and money transfers from on-line consumers to Defendant for its direct Internet sales.

**Plaintiff Petzila Takes Steps to Launch a Product**

14. Founded in 2011, Plaintiff Petzila is a private, start-up company developing products that allow pet owners to remotely interact with their pets. See www.petzila.com. In early 2014, Petzila is planning on launching its sales to the public of the PetziConnect™ product.

15. Petzila has taken numerous affirmative steps in the design and development of the PetziConnect™ product, including designing, building and testing the PetziConnect™ prototype, raising capital from investors, and working with manufacturers to prepare for mass production. Petzila has received considerable media attention regarding the launch of PetziConnect™ and has also gathered investors through crowd funding service provider Indiegogo, Inc.

16. PetziConnect™ is a device that plugs into a standard electrical outlet and includes a real-time video camera, a microphone and a food dispenser. Using a Wi-Fi wireless network,

**COMPLAINT**

PetziConnect™ accesses the Internet with a one-way video link that allows a user to see the user's animal companion, such as a dog or cat. Using the same method, PetziConnect™ also allows the animal companion to hear the user's voice over a one-way audio link and permits the user to dispense an edible treat to the animal. All of this is done remotely using any device connected to the Internet, including, for example, a personal computer, notebook or smartphone device.

### Defendant Threatens Petzila with Patent Litigation

17. On information and belief, the '152 patent, entitled "Domestic Animal Telephone," issued to the "Kroll Family Trust" on February 1, 2011. The '152 patent is described in its Abstract section as "[a] phone for pets and pet owners . . . which allows the owner to call the house and 'talk' to the pet." According to the U.S. Patent and Trademark Office (USPTO) website, http://assignments.upsto.gov (last visited October 18, 2013), the Kroll Family Trust assigned the '152 patent to the Defendant. Attached hereto as Exhibit C is a true and correct copy of the '152 patent and a copy of the USPTO webpage showing recordation of assignment to the Defendant.

18. In a letter dated July 29, 2013, Mr. James Urzedowski, counsel for the Defendant, wrote a letter to Mr. David Clark, Co-Founder & CEO of Petzila. Mr. Urzedowski asserted that the Defendant is the owner of the '152 patent and to "advise my office as to whether Petzila Inc. is interested in a license" to the '152 patent. Attached hereto as Exhibit D is a true and correct copy of the July 29 letter.

19. In a letter dated August 28, 2013, Mr. Clark responded to Defendant's counsel that "PetziConnect was not in conflict with any patents issued or visibly pending" and that "there could possibly be multiple synergies and cross licensing opportunities between our companies." Attached hereto as Exhibit E is a true and correct copy of the August 28 letter.

20. In a letter dated September 23, 2013, Defendant's counsel abruptly changed his position and responded to Mr. Clark that "Anser Innovation LLC is not presently interested in a collaborative relationship with Petzila Inc." The letter went on to demand that "in light of the apparent infringement of the 7,878,152 patent by the PetziConnect product, Anser Innovations LLC requests that you *immediately cease and desist from making, using or offering for sale the PetziConnect product*." (Emphasis added). Finally, the letter closes with the following threat: "In

**COMPLAINT**

5

the event that Petzila Inc. makes the PetziConnect product commercially available, Anser Innovation LLC *will take any and all legal actions available to prevent such infringement*." (Emphasis added). Attached hereto as Exhibit F is a true and correct copy of the September 23 letter.

21. Two days later, in a press release dated September 25, 2013, Anser announced that "it has secured essential patents . . . for a two-way pet video, voice, treat and scent dispensing system." These purportedly essential patents "assign intellectual property coverage to Anser Innovation and PetChatz." One of the patents described in the press release is the '152 patent. Furthermore, this press release alleges that "PetChatz is the only commercialized pet communications device with U.S. patents for a two-way video, voice, treat and scent dispensing system." Attached hereto as Exhibit G is a true and correct copy of the press release dated September 25.

22. As a result of the aforementioned letters from Defendant's counsel and Defendant's public statements, Petzila has a reasonable fear and apprehension that Anser will commence an action for patent infringement against it in the United States. An actual and justiciable controversy therefore exists between the parties.

**FIRST CAUSE OF ACTION**

**DECLARATORY JUDGMENT FOR NONINFRINGEMENT**

23. Petzila repeats and realleges each and every allegation of paragraphs 1-22 as though fully set forth herein.

24. Petzila alleges that it has not directly infringed, induced the infringement of, nor has it been a contributory infringer of, any of the claims of the '152 patent.

**SECOND CAUSE OF ACTION**

**DECLARATORY JUDGMENT FOR PATENT INVALIDITY**

25. Petzila repeats and realleges each and every allegation of paragraphs 1-22 and 24 as though fully set forth herein.

26. Petzila alleges that the '152 patent is invalid for failing to satisfy one or more provisions for patentability as set forth in Title 35, Part II, United States Code, particularly §§ 102 and 103, and the rules, regulations, and law pertaining thereto.

**COMPLAINT**

1   **PRAYER FOR RELIEF**

2   WHEREFORE, Petzila prays that the Court enter judgment that:

3   A.   United States Pat. No. 7,878,152 is not infringed by Petzila;

4   B.   Petzila has not committed any act of infringement of Defendant's patent with respect
5        to products made, used, sold or offered for sale by Petzila since issuance of such
6        patent;

7   C.   Defendant and all of its officers, agents, employees, representatives and counsel, and
8        all persons in active concert or participation with any of them, directly or indirectly,
9        are enjoined from charging infringement or instituting any action for infringement of
10       U.S. Pat. No. 7,878,152 against Petzila or any of its customers, distributors,
11       manufacturers, retailers and contractors;

12  D.   United States Pat. No. 7,878,152 is invalid;

13  E.   This is an exceptional case under 35 U.S.C. § 285.  Petzila, therefore, specifically
14       requests that the Court increase its damage award by a factor of three and award
15       Petzila its reasonable attorney's fees, expenses and costs in this action; and

16  F.   Petzila be granted such further relief as the Court deems just and proper.

18  **DEMAND FOR JURY TRIAL**

19  Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff PETZILLA, INC.
20  hereby demands a trial by jury on all issues so triable in this action.

Dated:  March 24, 2014                    THE GIKKAS LAW FIRM

                                          By:  /s/ Nicolas S. Gikkas
                                          NICOLAS S. GIKKAS
                                          Attorneys for Plaintiff
                                          PETZILLA, INC. d/b/a PETZILA

**COMPLAINT**

7