1  NICOLAS S. GIKKAS (SBN 189452)
   THE GIKKAS LAW FIRM
2  530 Lytton Avenue
   2nd Floor
3  Palo Alto, California 94301
   Phone:  (650) 617-3419
4  Facsimile:  (650) 618-2600
   Email:  nsg@gikkaslaw.com
5

6  KIEUN SUNG-IKEGAMI (SBN 211762)
   JON IKEGAMI (SBN 211766)
7  INNOVATION COUNSEL LLP
   2880 Lakeside Drive
8  Suite 200
   Santa Clara, California 95054
9  Phone:  (408) 331-1670
   Facsimile:  (408) 638-0326
10 Email: jsung@innovationcounsel.com
          jikegami@innovationcounsel.com
11

12 Attorneys for Plaintiff
   PETZILLA, INC.
13

14                     UNITED STATES DISTRICT COURT

15                    NORTHERN DISTRICT OF CALIFORNIA

16                          SAN FRANCISCO DIVISION

17

18 | PETZILLA, INC. a Delaware corporation, | Case No. 14-cv-01354 EMC
   | d/b/a Petzila,
19 |                                        | **NOTICE OF MOTION AND MOTION**
   |              Plaintiff,                | **FOR EXPEDITED DISCOVERY, FOR**
20 |                                        | **ENLARGING TIME TO OPPOSE**
   |        v.                              | **DEFENDANT'S MOTION TO DISMISS,**
21 |                                        | **AND FOR SHORTENING TIME FOR**
   | ANSER INNOVATION LLC, a Minnesota      | **HEARING THIS MOTION**
22 | limited liability company,

23 |              Defendant.                | Date:       TBD
                                              Time:       1:30 p.m.
24                                            Courtroom:  5, 17th Floor
                                              Judge:      Hon. Edward M. Chen
25

26

27

28

**NOTICE OF MOTION AND MOTION FOR EXPEDITED DISCOVERY, FOR ENLARGING TIME TO OPPOSE DEFENDANT'S MOTION TO DISMISS, AND FOR SHORTENING TIME FOR HEARING THIS MOTION**

TO ALL PARTIES AND THEIR COUNSEL:

PLEASE TAKE NOTICE that before the Honorable Edward M. Chen of the United States District Court, 450 Golden Gate Avenue, San Francisco, CA 94102 in Courtroom 5, 17th Floor, Plaintiff Petzilla, Inc. ("Petzila") hereby moves the Court for (1) an Order for Expedited Discovery, (2) an Order Enlarging Time to Oppose Defendant's Motion to Dismiss (L.R. 6-1(b)), and (3) an Order Shortening Time for a Hearing on this Motion due to the exigent circumstances set forth below (L.R. 6-1(b)).

This Motion is based upon the Memorandum of Points and Authorities herein, the accompanying Declaration of Nicolas S. Gikkas In Support of Motion for Expedited Discovery, for Enlarging Time to Oppose Defendant's Motion to Dismiss, and for Shortening Time for Hearing this Motion ("Gikkas Decl.") and exhibits thereto, and any other evidence that may be presented at or before the hearing on this motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On March 24, 2014, Petzila refiled its Complaint for Declaratory Judgment of Patent Noninfringement and Invalidity against Anser Innovation LLC ("Anser" or "Defendant") based on Anser's cease and desist demands related to U.S. Pat. No. 7,878,152 ("the '152 patent"). On April 11, 2014, Petzila filed its First Amended Complaint ("FAC"). (Dkt. No. 12). On April 17, 2014, Defendant responded to the FAC with a motion to dismiss for lack of personal jurisdiction. (Dkt. No. 14). The Motion to Dismiss was supported by a declaration from Defendant's CEO, Ms. Lisa Lavin. ("the Lavin Decl."). (Dkt. No. 14-5).

Petzila is a start-up company located in San Jose, California that is in the business of developing products that allow pet owners to remotely interact with their pets. See FAC at 4, ¶ 15. It is currently developing a product called PetziConnect. Id. Anser is located in Minnesota and sells a competing product called PetChatz. Id. at 2, ¶ 3; 3, ¶ 9.

y
z

Allegations in the FAC regarding commercialization of the PetChatz product are taken from publicly available information directly from the Defendant. Since October 2013, and probably earlier, Defendant has been selling its PetChatz product to California via its virtual store for $349 plus shipping. See FAC at 3, ¶¶ 10, 11; Exh. B. Defendant promised delivery by the 2013 holidays. Id. Since October 2013, Defendant's website promised that the product would be in retail stores nationally by early 2014. Id. In December 2013, Defendant's CEO went on the Fox Television Network and said: "It's coming out beginning of next year – early next year. It will be available both on-line at PetChatz.com as well as in retail pet stores, nationally." FAC at 3-4, ¶ 12. She also said that people were so excited about the PetChatz product that news was spreading "like a wildfire" and "[w]e're getting orders, preorders – every single day." Id.

National retail operations require a distribution network and agreements with retailers. Defendant, however, in stark contrast to the statements that it has been making on its website and on national television, now declares that it has no such arrangements. See Lavin Decl. at 3, ¶¶ 13, 14, 16. Because the Federal Circuit has held that a distribution agreement is akin to an implied patent license and a factor in determining specific personal jurisdiction, the Defendant is now asserting that it has no such agreements.[1] In other words, in an effort to bolster its move to dismiss, Defendant is now backpedaling from its previous public statements, or at least those public statements relevant to personal jurisdiction. However, what is not in dispute is (1) that Defendant has threatened Petzila with expensive and burdensome patent litigation if it does not "immediately cease and desist from making, using or offering for sale the PetziConnect product" (FAC at 6; ¶ 21; Lavin Decl. at 1, ¶ 5), and (2) that Defendant is taking the money of Californians, even if it is not yet delivering a product (FAC at 3, ¶ 11; Lavin Decl. at 2, ¶ 8). The issues on which Petzila seeks limited and expedited discovery is related to jurisdiction and is information within the hands of the Defendant or third

---

[1] "We concluded in *Akro* that infringement letters sent into a forum state accompanied by a grant of a license to an in-state competitor doing business in the state were sufficient to justify assertion of personal jurisdiction against an out-of-state patentee. The appointment of a distributor to sell a product covered by a patent is analogous to a grant of a patent license. Such an action conveys an implied license to the distributor, thereby surrendering the patentee's right to exclude the distributor under the patent." *Genetic Implant Systems, Inc. v. Core-Vent Corp.*, 123 F.3d 1455, 1458 (Fed. Cir. 1997) (citations omitted).

parties identified by the Defendant. Petzila needs this discovery to oppose Defendant's motion because Defendant is relying on its purported lack of contacts to dismiss this case at the pleading stage.

Prior to filing its Motion to Dismiss, Defendant's counsel, Mr. Grant Fairbairn, told Petzila's counsel that he would be filing a motion to dismiss for lack of personal jurisdiction based on Defendant's purported lack of sales and purported lack of distribution or retail agreements, among other things. See Gikkas Decl. ¶¶ 2-3, Exh. A. Seeking a mutually agreeable briefing schedule, counsel for Petzila sought a meet and confer with Mr. Fairbairn to discuss whether Defendant would oppose Petzila's proposed motion for expedited discovery and to offer a stipulated briefing schedule that was tied to the taking of limited expedited jurisdictional discovery thus allowing time for Petzila to include discovery in its opposition brief. Id.

Failing to comply with Local Rule 37-1(a),[2] Mr. Fairbairn refused repeated requests to meet and confer until <u>after</u> he filed the motion to dismiss, describing the requested meeting as "premature" and "jurisdictional discovery is a waste of time." Id. At least recognizing the relevance of the jurisdictional discovery, Defendant's counsel conceded (via email) to a two-hour deposition of Anser's CEO at his office and a one week extension for Petzila's opposition brief. Id. However, this "offer" was designed to put Petzila in an untenable situation, forcing it to shoehorn insufficient discovery into opposing counsel's arbitrary deadlines. Although Petzila regrets burdening the Court, it has no other recourse. Petzila needs meaningful jurisdictional discovery to oppose Defendant's motion to dismiss.

Accordingly, pursuant to Federal Rule of Civil Procedure 26(d)(1), which expressly authorizes the relief requested here, Petzila first moves for an Order so that it may take targeted

---

[2] "The Court will not entertain a request or a motion to resolve a disclosure or discovery dispute unless, pursuant to Fed. R. Civ. P. 37, counsel have previously conferred for the purpose of attempting to resolve all disputed issues. If counsel for the moving party seeks to arrange such a conference and opposing counsel refuses or fails to confer, the Judge may impose an appropriate sanction, which may include an order requiring payment of all reasonable expenses, including attorney's fees, caused by the refusal or failure to confer." L.R. 37-1(a). "The mere sending of a written, electronic, or voice-mail communication, however, does not satisfy a requirement to 'meet and confer' or to 'confer.' Rather, this requirement can be satisfied only through direct dialogue and discussion – either in a face to face meeting or in a telephone conversation." L.R. 1-5(n).

jurisdictional discovery. This discovery is needed for Petzila to fully oppose Defendant's motion to dismiss. Secondly, Petzila below also moves the Court for an Order delaying the filing of its opposition brief to Defendant's motion to dismiss until after such time as discovery is collected. Thirdly, Petzila below moves the Court for an Order shortening the time hear this Motion before Petzila's opposition brief is due on May 1, 2014.

## II. GOOD CAUSE EXISTS FOR EXPEDITED JURISDICTIONAL DISCOVERY ON DEFENDANT'S CONTACTS WITH CALIFORNIA

### A. Relief from Rule 26(d)'s Hold on Discovery To Conduct Expedited Jurisdictional Discovery is Necessary.

Petzila seeks leave to conduct limited jurisdictional discovery so that it can present additional evidence of Defendant's forum-related contacts in its opposition to Defendant's motion to dismiss, currently due on May 1, 2014 (in Sec. III below Petzila moves the Court to extend this deadline). Courts apply a "flexible good cause" standard to determine whether expedited discovery is warranted. *Semitool v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 275 (N.D. Cal. 2002) (Chen, Mag. J.) ("Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.") Although Petzila believes that Defendant's contact with California is sufficient to support personal jurisdiction by this Court, Petzila is entitled to jurisdictional discovery to present a fuller factual record and to rebut Defendant's contrary assertions.

As discussed above, anticipating the need for jurisdictional discovery, Petzila sought Defendant's acquiescence to such discovery before Defendant filed its Motion to Dismiss, so that discovery could proceed in an orderly and reasonable fashion and was tied to a stipulated briefing schedule. See Gikkas Decl. ¶¶ 2-3, Exh. A. These efforts were not successful. Id.

### B. Jurisdictional Discovery Is Regularly Granted On An Expedited Basis to Allow Parties to Develop a Full Factual Record.

In the Ninth Circuit "discovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is

necessary." *Laub v. U.S. Dep't of the Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (quoting *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986). The Ninth Circuit has repeatedly held that discovery normally should be permitted to allow plaintiffs the opportunity to develop the factual record regarding the issue of jurisdiction. *See Haris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003) ("a remand will be necessary to allow [plaintiff] the opportunity to develop the record and make a prima facie showing of jurisdictional facts"); *Chan v. Society Expeditions, Inc.*, 39 F.3d 1398, 1406 (9th Cir. 1994) (remanding to district court for jurisdictional discovery due to insufficient factual record regarding personal jurisdiction).

"[I]n granting [jurisdictional] discovery, the trial court is vested with broad discretion." *Data Disc, Inc. v. Systems Tech. Assocs., Inc.*, 557 F.2d 1280,1285 n.1 (9th Cir. 1977). After surveying the Ninth Circuit law, one district court in California concluded that "Defendant must meet the relatively high burden of establishing that 'it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction.'" *Orchid Biosciences, Inc. v. St. Louis University*, 198 F.R.D. 670, 674-75 (S.D. Cal. 2001) (quoting *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977)). *See also Focht v. Sol Melia S.A.*, 2010 WL 3155826 at *2 (N.D. Cal. 2010) ("[T]he fact that the Ninth Circuit has adopted a prima facie standard for deciding the merits of the jurisdiction issue indicates that a lesser showing is required in order for plaintiff to obtain jurisdictional discovery in the first place."). *Calix Networks, Inc. v. Wi-LAN Inc.*, 2010 WL 3515759 at *4 (N.D. Cal. 2010) ("plaintiff need not make out a prima facie case of personal jurisdiction before it can obtain jurisdiction discovery."); *Internet Archive v. Shell*, 2006 WL 1348559 (N.D. Cal. 2006) (granting motion for expedited jurisdictional discovery). Here, the Defendant is currently selling products into the State of California and is obviously in the business to sell much more and yet is now providing evidence that purports to contradict its public statements regarding sales. FAC at 3, ¶ 11; Lavin Decl. at 3, ¶ 16.

**C. Jurisdictional Discovery Is Warranted Here**

Defendant is unable to meet the "high burden" needed to deny jurisdictional discovery. As set forth below, Petzila only seeks limited discovery to: (1) build a fuller factual record that

sufficient contacts exist between Anser and California and (2) rebut contrary assertions made in Anser's motion to dismiss and supporting declaration from its CEO, assertions that conflict with Defendant's earlier public statements. These reasons clearly militate in favor of jurisdictional discovery. *See, e.g., Harris Rutsky*, 328 F.3d at 1135; *Data Disc*, 557 F.2d at 1285 n.1; *Wells Fargo*, 556 F.2d at 430 n.24.

### 1. The Expedited Jurisdictional Discovery Requested By Petzila Is Narrowly Tailored And Will Provide Further Evidence Supporting The Court's Exercise Of Personal Jurisdiction Over Defendant Anser.

The expedited discovery that Petzila seeks here will provide additional evidence of Defendant's contacts with California and its exercise of the right to exclude related to the '152 patent. Moreover, in light of Defendant's new story regarding the progress of its business, or lack thereof, it is likely that this jurisdictional discovery will reveal additional California contacts by Anser that it failed to disclose in its motion to dismiss. *Orchid Biosciences, supra*, 198 F.R.D. at 674 (granting limited jurisdictional discovery where defendants filed a motion to dismiss based on lack of jurisdiction, explaining the "[c]ourt is unpersuaded that further discovery would not reveal additional facts not contained in [defendant's] affidavit (or further define what is meant by the facts addressed in the affidavit) that might be sufficient to constitute a basis for jurisdiction.").

Specifically, along with this Motion, Petzila has proposed narrowly tailored discovery requests including: (1) Requests for Production to Anser; (2) Interrogatories to Anser; and (3) Subpoenas to third parties for production of documents related to Anser's commercial activities related to jurisdiction. See Gikkas Decl., ¶¶ 4-5, 8-12; Exhs. B-C, F-J. Petzila also seeks leave to take a limited deposition of Anser and CEO Lisa Lavin who supplied a declaration to support Anser's motion to dismiss. Id. at ¶¶ 6-7; Exhs. D-E. This discovery is necessary because Petzila disputes whether Defendant has disclosed all relevant facts regarding sales in light of its public statements regarding plans to sell and market its PetChatz product – statements which, to Petzila's knowledge, it has never publicly disavowed until its Motion to Dismiss. For example:

- Defendant displayed its PetChatz product at SuperZoo National Show for Pet Retailers at the Mandalay Bay Convention Center in Las Vegas, Nevada. in July 2013. FAC at 3, ¶ 9.

- According to Defendant's website, Anser stated in October 2013 that PetChatz would be delivered by the Christmas holidays. FAC at 3, ¶ 10.
- According to Defendant's website, Anser stated in October 2013 that PetChatz was to be available nationally in retail pet stores in First Quarter 2014. FAC at 3, ¶ 10.
- Defendant's CEO went on the Fox Network in December 2013 to market the PetChatz product, confirming that the PetChatz product was to be available nationally in retail pet stores in early 2014. FAC at 3-4, ¶ 12.

Petzila understands that the Defendant is now saying that it has no product to sell, no retailers, no distributors and no related agreements. Lavin Decl. at 3, ¶¶ 13, 16. There is no question, however, that Defendant has been taking orders for its PetChatz product for over 6 months. FAC at 3, ¶ 11. There is no dispute that Defendant has taken and continues to take Californian's money for its product. Lavin Decl. at 2, ¶ 8.

On the one hand, for the last six months, Defendant is telling the world that it is selling and promising to ship product. On the other hand, Defendant is telling this Court that it has no product. In light of the problems with Defendant's story, Petzila needs to test the veracity of Defendant's statements in its Motion to Dismiss. Accordingly, Petzila's motion for leave to propound this discovery on an expedited basis should be granted.

### III. GOOD CAUSE EXISTS FOR ENLARGING THE TIME TO OPPOSE DEFENDANT'S MOTION TO DISMISS UNTIL EXPEDITED JURISDICTIONAL DISCOVERY IS COLLECTED

Defendant's Motion to Dismiss was filed on April 17, 2014. (Dkt. No. 14). Under Local Rule 7-3(a), Petzila's opposition to Defendant's Motion to Dismiss is due on ***May 1, 2014***. For the reasons set forth above, Petzila hereby moves the Court for relief from the 14 day deadline required under the local rules until all expedited jurisdictional discovery has been collected and reviewed. It is impractical, unduly burdensome and unnecessary to conduct expedited jurisdictional discovery in the very limited time remaining under Local Rule 7-3(a). Under Local Rule 6-1(b), Petzila requests that the Court grant it an extension of time to oppose Defendant's Motion to Dismiss until 14 days after all the jurisdictional discovery described in Part II.C.1 above has been produced by the

Defendant. Such a timetable is fair and largely in the hands of the Defendant who holds and controls the information sought by this motion. Failure to enlarge the briefing schedule on the Motion to Dismiss would seriously prejudice Petzila who would be forced to oppose without the benefit of testing the questionable extrinsic evidence put forward by Defendant in its Motion to Dismiss and without the benefit of collecting additional evidence to rebut the Defendant's claims. Pursuant to Local Rule 6-3(a)(1)-(6), the accompanying declaration satisfies the requirements for an order enlarging time. Gikkas Decl. ¶¶ 13-19.

Petzila requests that this Court adopt the following briefing and hearing schedule for Defendant's motion to dismiss:

| | |
|---|---|
| Last Day to File Opposition: | 14 days after the last jurisdictional discovery is collected by Petzila. |
| Reply Brief: | 7 days after opposition brief is due. |
| Sur-reply: | 5 days after reply brief is due with 10 page limit. |
| Hearing: | 10 days after sur-reply or as soon as possible thereafter. |

### IV. GOOD CAUSE EXISTS FOR SHORTENING THE TIME TO OPPOSE THIS MOTION

Because of the exigent circumstances set forth above, Petzila hereby moves the Court under L.R. 6-1(b) for an Order shortening time to hear Petzila's Motion. Local Rule 7-2(a) requires motions to be noticed no fewer than 35 days from the filing date. However, the deadline for noticing a motion places this Motion well past the due date of Petzila's May 1, 2014 deadline for its opposition brief, as set by Local Rule 7-3(a). Therefore, under Local Rule 6-1(b), Petzila requests that the Court grant it an Order shortening time so that this Motion can be heard as soon as it is convenient for the Court. Pursuant to Local Rule 6-3(a)(1)-(6), the accompanying declaration satisfies the requirements for an order shortening time. Gikkas Decl. ¶¶ 20-26.

Petzila requests that this Court adopt the following briefing and hearing schedule for this Motion:

| | |
|---|---|
| Last Day to File Opposition: | April 28, 2014 by 5:00 p.m. |

Hearing: April 29, 2014, at 1:30 p.m. or as soon as possible thereafter.[3]

## V. CONCLUSION

Good cause exists warranting jurisdictional discovery on an expedited basis and for lifting the Rule 26(d) hold. So that the needed jurisdictional discovery can be collected and used in Petzila's opposition to the pending motion to dismiss, good cause exists for enlarging Petzila's deadline to file its opposition brief past the 14 day time limit prescribed by local rule. For the same reasons, good cause exists for the Court to adopt Petzila's proposed briefing schedule for shortening the time to hear this Motion prior to the May 1, 2014, the deadline for filing Petzila's opposition to Defendant's Motion to Dismiss.

Dated: April 22, 2014

Respectfully submitted,

THE GIKKAS LAW FIRM

By: /s/ Nicolas S. Gikkas
NICOLAS S. GIKKAS
Attorneys for Plaintiff
PETZILLA, INC. d/b/a PETZILA

---

[3] Judge Chen is unavailable from April 30 – May 8, according to the Court's published schedule.