NICOLAS S. GIKKAS (SBN 189452)
THE GIKKAS LAW FIRM
530 Lytton Avenue
2nd Floor
Palo Alto, California 94301
Phone: (650) 617-3419
Facsimile: (650) 618-2600
Email: nsg@gikkaslaw.com

KIEUN SUNG-IKEGAMI (SBN 211762)
JON IKEGAMI (SBN 211766)
INNOVATION COUNSEL LLP
2880 Lakeside Drive
Suite 200
Santa Clara, California 95054
Phone: (408) 331-1670
Facsimile: (408) 638-0326
Email: jsung@innovationcounsel.com
       jikegami@innovationcounsel.com

Attorneys for Plaintiff
PETZILLA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PETZILLA, INC. a Delaware corporation, d/b/a Petzila,<br><br>Plaintiff,<br><br>v.<br><br>ANSER INNOVATION LLC, a Minnesota limited liability company,<br><br>Defendant. | Case No. 14-cv-01354 EMC<br><br>**DECLARATION OF NICOLAS S. GIKKAS IN SUPPORT OF MOTION FOR EXPEDITED DISCOVERY, FOR ENLARGING TIME TO OPPOSE DEFENDANT'S MOTION TO DISMISS, AND FOR SHORTENING TIME FOR HEARING THIS MOTION**<br><br>Date:       TBD<br>Time:       1:30 p.m.<br>Courtroom:  5, 17th Floor<br>Judge:      Hon. Edward M. Chen |

I, Nicolas S. Gikkas, declare as follows:

1. I am an attorney and counsel of record for plaintiff Petzilla, Inc. ("Petzila") in the above-captioned matter. I make this declaration on personal knowledge and if called as a witness could and would testify competently thereto.

Expedited Jurisdictional Discovery

2. Attached hereto as Exhibit A is a true and correct copy of emails exchanged between myself and Mr. Grant Fairbairn, Esq., counsel of record in this litigation for defendant Anser Innovation LLC ("Anser" or "Defendant"). Mr. Fairbairn was admitted *pro hac vice* by Order of the Court (Dkt. No. 16).

3. The copies of emails in Exhibit A document my unsuccessful efforts starting on April 15 to obtain a meet and confer on taking expedited jurisdictional discovery of Defendant, prior to its filing a planned motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction. Although a response to the First Amended Complaint was not due until April 28 and Mr. Fairbairn was informed that Petzila was agreeable to extending the briefing schedule by stipulation, Mr. Fairbairn would not agree to meet and confer until after filing his motion to dismiss. Defendant filed its motion to dismiss on April 17.

4. Attached hereto as Exhibit B is a true and correct copy of Petzila's First Set of Requests for Production to Defendant.

5. Attached hereto as Exhibit C is a true and correct copy of Petzila's First Set of Interrogatories to Defendant.

6. Attached hereto as Exhibit D is a true and correct copy of Petzila's Notice of Deposition to Defendant.

7. Attached hereto as Exhibit E is a true and correct copy of Petzila's Notice of Deposition to Lisa M. Lavin, who provided a declaration in support of Defendant's motion to dismiss.

8. Attached hereto as Exhibit F is a true and correct copy of a sample subpoena to be served on PayPal, Inc., identified in the Lavin Declaration, regarding Defendant's virtual store.

9. Attached hereto as Exhibit G is a true and correct copy of a sample subpoena to be served on Tuffy Pet Foods, Inc., identified in the Lavin Declaration, regarding Defendant's distribution activities.

10. Attached hereto as Exhibit H is a true and correct copy of a sample subpoena to be served on Kroll Family Trust, identified as assignor of patent at issue, and known to be involved in the operation of Defendant.

11. Attached hereto as Exhibit I is a true and correct copy of a sample subpoena to be served on PetCo Animal Supplies, Inc., a major national pet supply retailer.

12. Attached hereto as Exhibit J is a true and correct copy of a sample subpoena to be served on Pet Food Express, Ltd., a major California pet supply retailer.

<u>Enlargement of Time for Filing Opposition Brief</u>

13. Pursuant to Local Rule 6-3(a)(1), Petzila seeks an enlargement of time to file its opposition brief to Defendant's motion to dismiss because it needs expedited jurisdictional discovery to fully respond. The deadline for Petzila's opposition brief is currently May 1, 2014.

14. Regarding enlargement of time, pursuant to Local Rule 6-3(a)(2), Petzila is unable to obtain a stipulation to the change in time longer than the one week offered by Defendant's counsel. Petzila seeks a reasonable time to take this discovery which is largely in Defendant's hands.

15. Regarding enlargement of time, pursuant to Local Rule 6-3(a)(3), Petzila will be substantially harmed and prejudiced if the Court does not grant its request for enlargement of time because Petzila will be unable to complete jurisdictional discovery before it must oppose Defendant's motion to dismiss for lack of personal jurisdiction on May 1, 2014.

16. Regarding enlargement of time, pursuant to Local Rule 6-4(a)(4)(i), Local Rule 37-1(a) is not applicable because this is not a motion compel disclosure or discovery for sanctions.

17. Regarding enlargement of time, pursuant to Local Rule 6-3(a)(4)(ii), the nature of the underlying dispute (that is addressed in the Motion) is that Petzila seeks targeted, expedited discovery to obtain additional evidence on Defendant's contacts with this District.

18. Regarding enlargement of time, pursuant to Local Rule 6-3(a)(5), there have been no previous modifications in time since the First Amended Complaint was only recently filed on April 11, 2014.

19. Regarding enlargement of time, pursuant to Local Rule 6-3(a)(6), the requested time modification will help advance the schedule for this case because Petzila will complete expedited discovery prior to when it must oppose Defendant's motion to dismiss.

<u>Shortening of Time for Hearing This Motion</u>

20. Pursuant to Local Rule 6-3(a)(1), Petzila seeks a shortening of time to for the Court to hear this Motion because it needs expedited jurisdictional discovery to properly oppose Defendant's motion to dismiss currently due on May 1, 2014. However, Local Rule 7-2(a) requires motions to be noticed no fewer than 35 days from the filing date.

21. Regarding shortening time, pursuant to Local Rule 6-3(a)(2), Petzila seeks a reasonable time to take jurisdictional discovery and requests that the Court hear this Motion and decide the Motion prior to the briefing schedule set by local rule.

22. Regarding shortening time, pursuant to Local Rule 6-3(a)(3), Petzila will be substantially harmed and prejudiced if the Court does not grant its request for shortening of time to hear this Motion because Petzila will be unable to complete jurisdictional discovery before it must oppose Defendant's motion to dismiss for lack of personal jurisdiction on May 1, 2014.

23. Regarding shortening time, pursuant to Local Rule 6-4(a)(4)(i), Local Rule 37-1(a) is not applicable because this is not a motion compel disclosure or discovery for sanctions.

24. Regarding shortening time, pursuant to Local Rule 6-3(a)(4)(ii), the nature of the underlying dispute that will be addressed in the motion is that Petzila seeks targeted, expedited discovery to obtain additional evidence on Defendant's contacts with this District.

25. Regarding shortening time, pursuant to Local Rule 6-3(a)(5), there have been no previous modifications in time since the First Amended Complaint was only recently filed on April 11, 2014.

26. Regarding shortening time, pursuant to Local Rule 6-3(a)(6), the requested time modification will help advance the schedule for this case because Petzila will complete expedited discovery prior to when it must oppose Defendant's motion to dismiss.

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct. Executed on this 22nd day of April 2014.

By: /s/ Nicolas S. Gikkas
NICOLAS S. GIKKAS