# **EXHIBIT A**

**GIKKASLAW.COM**

---

**From:** Fairbairn, Grant <gfairbairn@fredlaw.com>
**Sent:** Thursday, April 17, 2014 3:42 PM
**To:** GIKKASLAW.COM
**Subject:** RE: Meet & Confer

Nick,

It was actually my daughter, and she is doing well today. We've been through it before, unfortunately.

We are in the process of filing the motion to dismiss this afternoon, so you will have it shortly.

Grant

**From:** GIKKASLAW.COM [mailto:nsg@GIKKASLAW.COM]
**Sent:** Thursday, April 17, 2014 3:23 PM
**To:** Fairbairn, Grant
**Subject:** RE: Meet & Confer

Grant,
I hope that your son is responding to treatment and feeling better. Sorry for the delay in getting back to you, but I was in church yesterday evening and most of this morning.

I would be remiss if I did not briefly address your statements below. Firstly, Petzila's complaint is based on publicly available information coming directly from Anser and is not mere "speculation." In fact, we took pains to describe three independent sources for the allegations regarding sales in the complaint: Anser's website, a recorded television interview of its CEO (4 months ago), and the purchase of a product (6 months ago) using Anser's virtual store. I am, frankly, surprised that there is such a wide discrepancy between, on the one hand, Anser's on-going sales activities and public statements and, on the other hand, the situation as you describe it. Secondly, to date, no discovery has taken place and no "facts" have yet been "disclosed"; attorneys are not affiants. Although I do not question your *bona fides*, you have not shared the declaration. Since Anser will be asking the Court to dismiss this case, we think it is not "a waste of time" to test Anser's assertions about its California contacts.

My client has returned from overseas but is now in the process of moving his residence. Hopefully, I will be able to confer with him this afternoon or tomorrow morning. Repeating yesterday's request, if you have the motion and/or declaration ready, I would appreciate a courtesy copy before my meeting. After my client conference, I will respond to your email.
Regards,
Nick
P.S. There was an error in my previous email on the deadline for Anser's response. Under Rule 15, Anser's deadline is April 28, not May 5. However, we can address the briefing schedule later.

1

**From:** Fairbairn, Grant [mailto:gfairbairn@fredlaw.com]
**Sent:** Thursday, April 17, 2014 7:59 AM
**To:** GIKKASLAW.COM
**Subject:** RE: Meet & Confer

Nick,

Perhaps I can bring this to a head.

As I mentioned below, we don't think jurisdictional discovery is necessary. The allegation in the FAC about there being retail and distribution agreements in place (paragraph 14) was based on Petzilla's speculation that there must have been such agreements in place because Anser stated on its website and on Fox that it intended to launch in first quarter 2014 and be on shelves in retail stores. That was Anser's hope, but it didn't happen. Anser has not launched the product, and it does not have any such agreements. In other words, Petzilla's speculation was wrong, as the sworn declaration will confirm. We believe that Petzilla already has all the information it needs in light of the facts we've already disclosed and case law we've previously discussed to know that it lacks a basis for asserting personal jurisdiction here.

While we think jurisdictional discovery is a waste of time and money given the dearth of relevant contacts, we also recognize that motion practice regarding such discovery is likewise a waste of time and money. Accordingly, we suggest that the parties agree to limited discovery along the lines of what we discussed in *Petzilla I*. We are willing to participate in a two-hour, 30(b)(6) deposition on designated topics at Fredrikson & Byron in Minnesota. Before the deposition, we would need to stipulate to a protective order allowing Anser to designate any commercially sensitive information as attorney's eyes only, as Petzilla and Anser are direct competitors. We are also open to allowing a one-week extension to the briefing schedule to fit in the deposition. Please let me know if this satisfies your request for jurisdictional discovery.

Grant

**From:** Fairbairn, Grant
**Sent:** Wednesday, April 16, 2014 7:57 PM
**To:** GIKKASLAW.COM
**Subject:** RE: Meet & Confer

Nick,

I will have to get back to you tomorrow. I had a hearing, followed by a settlement conference, and ended up at the ER with my 5-year old for pneumonia. It's been a long afternoon.

Grant

**From:** GIKKASLAW.COM [mailto:nsg@GIKKASLAW.COM]
**Sent:** Wednesday, April 16, 2014 1:35 PM
**To:** Fairbairn, Grant
**Subject:** RE: Meet & Confer

Grant,
You have written that your motion to dismiss will not be taking as true all of the factual allegations in the FAC. Since defendant Anser is planning on disputing the allegations with a declaration, we are entitled to lifting the Rule 26(d) hold on discovery under these circumstances. Anser is under no time pressure here and has until May 5 to respond, but we are very flexible on the briefing schedule, especially in light of the new evidence you plan to introduce. This evidence, it should go without saying, is totally within defendant's knowledge and control. Since you have the declaration, why not share it with me now so

2

that we can discuss the parameters of discovery and move forward with a reasonable briefing schedule? Having me wait to see the declaration until you file the motion will only unnecessarily complicate matters and needlessly involve the Court in a discovery issue we should be able to resolve ourselves.

Regards,
Nick

P.S. I have not yet heard back from my client. However, not having seen the motion to dismiss, I am not sure what you want us to decide at this time. Your cooperation would greatly facilitate the situation.

**From:** Fairbairn, Grant [mailto:gfairbairn@fredlaw.com]
**Sent:** Wednesday, April 16, 2014 10:34 AM
**To:** GIKKASLAW.COM
**Subject:** RE: Meet & Confer

Nick,

I did not refuse to meet and confer, as I clearly offered to meet and confer on Friday to give you time to review the motion and decide if discovery is even necessary. I believe discussing discovery before you know what you want or think you need is premature, and likely to lead to motion practice rather than discourage it. We are definitely not going to agree to open-ended jurisdictional discovery, and in fact, our expectation is that you should not need discovery based on the motion and declaration. But you can decide that when you see it and <u>then</u> have a meaningful discussion. As I indicated, depending on the request, we may agree to provide you information informally if something in the motion or declaration is unclear. Rushing forward with a motion for expedited discovery or to extend the briefing schedule now does not seem like you are trying to avoid unnecessary motion practice.

Also, to follow up on our call, have you managed to contact your client yet about whether it intends to oppose the motion to dismiss? We asked over a week ago. I understand that he was out of the country, but it seems like you should have been able to get an answer by now.

Grant

**From:** GIKKASLAW.COM [mailto:nsg@GIKKASLAW.COM]
**Sent:** Wednesday, April 16, 2014 12:02 PM
**To:** Fairbairn, Grant
**Subject:** RE: Meet & Confer

Grant,
I have no reason to believe that the cases I have cited to you are "inapplicable," however, that is not the issue. My goal is to avoid any unnecessary motion practice. Petzila needs limited and expedited jurisdictional discovery to properly oppose the motion to dismiss that you intend to bring. Although you have not sent me a courtesy copy of the motion, your email indicates that it will contain various assertions from your client that contradict the public statements communicated on its website and by Anser's CEO on national television. Under these circumstances, if you will not meet & confer before filing, I will likely need to simultaneously move the court for expedited discovery and for an extended briefing schedule. I ask that you reconsider your refusal to meet & confer so that we can proceed in a reasonable manner. Thank you.
Regards,
Nick

3

**From:** Fairbairn, Grant [mailto:gfairbairn@fredlaw.com]
**Sent:** Wednesday, April 16, 2014 8:35 AM
**To:** GIKKASLAW.COM
**Subject:** RE: Meet & Confer

Nick,

I apologize for not getting back to you yesterday, but I wanted to review the cases you cited during our last call and respond all at once.

After reviewing *Stomp* and *Genetic Implants*, I do not believe either helps Petzilla's cause. As I suspected from your description of it, *Stomp* was a specific jurisdiction case (see footnote 5 in the decision stating as much) that applied the *Zippo* sliding scale test. As the Ninth Circuit explained in *Mavrix Photo*, the *Zippo* sliding scale was developed for specific jurisdiction cases and is not helpful in general jurisdiction cases. The Federal Circuit (*Campbell Pet Company*, 542 F.3d 879 (Fed. Cir. 2008)) and the Northern District (*Vice v. Woodline USA*, 2011 U.S. Dist. LEXIS 8014 (N.D. Cal. Jan. 21, 2011) (Wilkin, J.)) have likewise rejected the argument that having a commercial website gives rise to general jurisdiction. It is the volume of actual contacts that matters, not theoretical contacts. I'm not aware of any case finding general jurisdiction appropriate where there is only $6,000 in revenue and no physical presence in the state. Given the volume of contacts that were found insufficient in *Autogenomics* and *Helicopteros*, I continue to believe that Petzilla lacks any reasonable basis for asserting general jurisdiction.

As for *Genetic Implants*, I recognize that you intend to make a complicated "conflict between Federal Circuit panels" argument for why *Avocent* and *Autogenomics* do not apply here. I don't see how you are going to do that, as both cases cited *Genetic Implants* as an example of "other activities" beyond the patentee's commercial activities or infringement letters. Specifically, both identified *Genetic Implants* as "holding that the forum had jurisdiction over a patentee that 'contracted with [an exclusive distributor] to sell [the] patented products in [the forum State]' where the agreement was 'analogous to a grant of a patent license'"). I believe that is a fair reading of *Genetic Implants* and doubt you will be able to convince the Court here to disregard two recent Federal Circuit decisions based on a supposed conflict with the *Genetic Implants* decision. As you know, the patentee in *Genetic Implants* has a world-wide exclusive distribution agreement for a patented product. That was tantamount to a license.

We do not have anything like that here. I've verified with Anser that it does not have any agreements providing exclusive rights to either the '152 patent or the PetChatz product. Nor does it have a distribution or retail agreement, much less an exclusive one. It has an agreement with another Minnesota company to develop a pet treat pack for use in the PetChatz product and co-market each other's products, but the agreement does not provide any exclusive rights other than to the sale of the treat packs, which are not covered by the patent.

Thus, in light of the inapplicability of the only two cases you've provided, we intend to file our motion to dismiss. There simply are not enough contacts to exercise either general or specific jurisdiction.

As for your request for a meet-and-confer, I think that is premature. You haven't seen our motion and declaration yet. The declaration will exhaustively detail the limited contacts with California (as well as confirm what Anser does not do). I've already provided you much of this information, but you will then have written confirmation. Given the disclosure we are about to make, we expect that jurisdictional discovery will be unnecessary. If, after reviewing the motion and declaration, Petzilla insists on pursuing this lawsuit despite lacking jurisdiction, we can have a meet-and-confer to see what Petzilla thinks it needs from discovery. As you know, jurisdictional discovery is not a fishing expedition. If there is something in the declaration that you want more information about, perhaps we can provide it informally without the need for motion practice. Either way, it makes more sense to meet-and-confer after the motion is filed rather than before.

We intend to file yet this week (likely tomorrow), so if you want to schedule a meet-and-confer for Friday, I think that makes more sense.

Grant

**From:** GIKKASLAW.COM [mailto:nsg@GIKKASLAW.COM]
**Sent:** Wednesday, April 16, 2014 9:28 AM
**To:** Fairbairn, Grant
**Subject:** RE: Meet & Confer

Grant,
I did not see a response to my email from yesterday. I would like to schedule a brief meet & confer to discuss Anser's opposition to a motion for expedited discovery relating to jurisdiction. Thank you.
Regards,
Nick

**From:** GIKKASLAW.COM
**Sent:** Tuesday, April 15, 2014 8:34 AM
**To:** Fairbairn, Grant (gfairbairn@fredlaw.com)
**Subject:** Meet & Confer

Grant,
I understand that Anser will be making various assertions relating to jurisdiction in its upcoming motion, supported by a declaration. I would like to schedule a brief meet & confer to discuss whether Anser would oppose a motion for expedited discovery relating to jurisdiction. Let me know your availability today or tomorrow. Thank you.
Regards,
Nick

Nicolas S. Gikkas
The Gikkas Law Firm
530 Lytton Avenue
2nd Floor
Palo Alto, California 94301
Direct: +1 (650) 617-3419
Fax: +1 (650) 618-2600
www.gikkaslaw.com

DISCLAIMER
This e-mail is intended only for the personal use of recipient(s) named above. This message may be an attorney-client privileged communication and as such privileged and confidential and/or it may contain attorney work product. If you are not the intended recipient, you may not review, copy or distribute this message. If you received this communication in error, please notify me immediately by e-mail and delete the original message.