# **EXHIBIT B**

NICOLAS S. GIKKAS (SBN 189452)
THE GIKKAS LAW FIRM
530 Lytton Avenue
2nd Floor
Palo Alto, California 94301
Phone: (650) 617-3419
Facsimile: (650) 618-2600
Email: nsg@gikkaslaw.com

KIEUN SUNG-IKEGAMI (SBN 211762)
JON IKEGAMI (SBN 211766)
INNOVATION COUNSEL LLP
2880 Lakeside Drive
Suite 200
Santa Clara, California 95054
Phone: (408) 331-1670
Facsimile: (408) 638-0326
Email: jsung@innovationcounsel.com
       jikegami@innovationcounsel.com

Attorneys for Plaintiff
PETZILLA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PETZILLA, INC. a Delaware corporation, d/b/a Petzila,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ANSER INNOVATION LLC, a Minnesota limited liability company,<br><br>　　　　　Defendant. | Case No. 14-cv-01354 EMC<br><br>**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ANSER INNOVATION LLC [Nos. 1-29]**<br><br>**JURISDICTIONAL DISCOVERY**<br><br>**EXPEDITED RESPONSE REQUESTED**<br><br>Judge: Hon. Edward M. Chen |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Petzilla, Inc. d/b/a Petzila ("Petzila") hereby requests Anser Innovation LLC ("Anser") respond to this request within five (5) days from the date of service hereof. Unless otherwise agreed between the parties, the documents shall be produced to The Gikkas Law Firm, 530 Lytton Avenue, Palo Alto, CA 94301.

## I. DEFINITIONS

The definitions below are incorporated into each request for production.

A. The terms "Anser," "Defendant," "you" and "your" mean, without limitation, Anser Innovation LLC, and its past and present parents, subsidiaries, affiliates, predecessors, unincorporated divisions and its officers, attorneys, agents, representatives, employees, consultants and all persons acting or purporting to act on its behalf.

B. The terms "Plaintiff" and "Petzila" mean, without limitation, Petzilla, Inc., and its past and present parents, subsidiaries, affiliates, predecessors, unincorporated divisions and all its officers, employees, attorneys, agents, representatives, consultants, and all persons acting or purporting to act on its behalf.

C. The term "subsidiary" means a business enterprise, the operations of which are subject to Plaintiff's or Defendant's control through whole or partial stock ownership.

D. The term "affiliate" means a business enterprise effectively controlled by another, but associated with Plaintiff or Defendant through whole or partial ownership.

E. The term "document" includes all writings and recordings, including drafts, as defined by Federal Rule of Evidence 1001 and all materials that constitute "documents" within the broadest meaning of Rule 34 of the Federal Rules of Civil Procedure.

F. The term "person" means any individual, firm, partnership, corporation, limited liability company, proprietorship, association, governmental body or any other organization.

G. The term "communication" includes, without limitation, communications by whatever means transmitted (i.e., whether oral, written, electronic or other methods), as well as any note, memorandum or other record thereof.

H. The terms "relating to" and "concerning" mean reflecting, concerning, containing,

pertaining, referring, relating to, indicating, showing, describing, evidencing, discussing, mentioning, embodying or computing.

I. The term "Complaint" means Petzila's "First Amended Complaint for Declaratory Judgment of Patent Noninfringement and Invalidity" filed in this action on or about April 11, 2014.

J. Whenever the singular is used, it shall also be taken to include the plural, and vice versa. Whenever the conjunctive is used, it shall also be taken to include the disjunctive, and vice versa.

K. The term "the '152 patent" means United States Patent No. 7,878,152.

L. The term "PTO" means the United States Patent and Trademark Office.

M. The term "PetChatz" means the product described and sold on www.petchatz.com.

N. The term "Covered Products" means any and all products covered by one or more claims of the '152 patent, including, but not limited to, PetChatz.

## II.   INSTRUCTIONS

The following instructions apply to each of the requests for documents set forth herein:

1. Please produce entire documents, including, but not limited to, attachments, enclosures, cover letters, memoranda and appendices.

2. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these requests for documents shall be deemed continuous up to and following the trial of this proceeding such that any document or thing requested herein which is either discovered by you or comes within your possession, custody or control subsequent to your initial responses hereto, but prior to the final conclusion of this case, should be produced in a supplemental response to these Document Requests immediately upon its discovery or receipt by you or your counsel.

3. If any document is withheld under a claim of privilege, in order that the Court and the parties may determine the validity of the claim of privilege, please provide a privilege log identifying each document withheld, including:

    a. The type of document;

    b. The approximate date, and manner of recording, creating or otherwise

preparing the document;

c. The subject matter of the document;

d. The name and organizational position of the person(s) who produced the document;

e. The name and organizational position of the person(s) who received a copy of the document, or to whom the document was disclosed; and

f. The claimed grounds on which the document is being withheld and facts sufficient to show the basis for each claim of privilege.

4. If you object to any part of a request for documents and refuse to produce documents responsive to that part, state your objection and respond to the remaining portion of that request. If you object to the scope or time period of a request for documents, state your objection and respond to the request for documents for the scope or time period you believe is appropriate.

5. Please produce all documents in the order in which they are kept in the ordinary course of business, and in their original file folders, binders, covers or containers or facsimile thereof.

6. Any document bearing any changes, including, but not limited to, markings, handwritten notation, or other differences that are not a part of the original text, or any reproduction thereof, is to be considered a separate document for purposes of responding to the following document requests. English translations or partial translations of foreign language documents should also be considered separate documents.

7. If a requested document is in a language other than English, please produce both the original and any existing English translation thereof.

8. If any of the following requests for documents cannot be responded to in full after exercising due diligence to secure the requested documents, please so state and respond to the extent possible, specifying your inability to respond to the remainder and stating whatever information you have regarding, referring or relating to the unanswered portions. If your response is qualified in any particular manner, set forth the details of such qualification.


9. Please produce both hard copies and electronic versions of electronic records and produce computerized information in an intelligible format with a description of the system from which it was derived sufficient to permit rendering the materials intelligible.

10. Unless otherwise indicated in the individual request, the time period covered by these requests runs from February 1, 2011 to the date of your response.

### III.    REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

REQUEST FOR PRODUCTION NO. 1: All documents identified in the Declaration of Lisa M. Lavin in Support of Defendant Anser Innovations LLC's Motion Pursuant to Rule 12(b)(2) to Dismiss for Lack of Personal Jurisdiction.

REQUEST FOR PRODUCTION NO. 2: All documents related to contracts, agreements and/or memoranda of understanding with PayPal, Inc.

REQUEST FOR PRODUCTION NO. 3: All documents showing payments made through PayPal, Inc. related to the Covered Products.

REQUEST FOR PRODUCTION NO. 4: All documents related to contracts, agreements, and/or memoranda of understanding with Tuffy's Pet Foods, Inc.

REQUEST FOR PRODUCTION NO. 5: All documents related to the assignment of the '152 patent from Kroll Family Trust to Anser.

REQUEST FOR PRODUCTION NO. 6: All documents related to licensing the '152 patent to any third parties during the patent term, including, but not limited to, any licenses encumbering the '152 patent to the Kroll Family Trust.

REQUEST FOR PRODUCTION NO. 7: All documents related to communications offering to license the '152 patent to any third parties during the patent term.

REQUEST FOR PRODUCTION NO. 8: All documents related to threats of litigation that assert one or more claims of the '152 patent to any third parties during the patent term.

REQUEST FOR PRODUCTION NO. 9: All documents related to communications with third parties regarding PetziConnect.

REQUEST FOR PRODUCTION NO. 10: All documents related to communications with any third parties regarding preventing the sale of PetziConnect.

**REQUEST FOR PRODUCTION NO. 11:** Documents sufficient to identify any and all sales representatives, distributors, resellers, and customers for each of the Covered Products.

**REQUEST FOR PRODUCTION NO. 12:** Documents sufficient to identify any and all customers purchasing the PetChatz product from www.petchatz.com.

**REQUEST FOR PRODUCTION NO. 13:** All documents related to purchases of goods and/or services with any person located or doing business in the State of California.

**REQUEST FOR PRODUCTION NO. 14:** All documents related to sales of goods and/or services with any person located or doing business in the State of California.

**REQUEST FOR PRODUCTION NO. 15:** All documents related to contracts, agreements, and/or memoranda of understanding with any person located or doing business in the State of California.

**REQUEST FOR PRODUCTION NO. 16:** All documents related to any conferences, meetings, workshops, speaking engagements, interviews, seminars, forums and/or other events in the State of California attended by representatives of Anser.

**REQUEST FOR PRODUCTION NO. 17:** All documents related to third-party payment companies, including but not limited to PayPal, Inc.

**REQUEST FOR PRODUCTION NO. 18:** All documents related to any visits to the State of California for business or otherwise.

**REQUEST FOR PRODUCTION NO. 19:** All Anser audited financial statements, annual reports, quarterly reports, and financial disclosure filings, showing sales of the PetChatz product, including any drafts, for the time period 2011 to the present.

**REQUEST FOR PRODUCTION NO. 20:** Documents related to marketing sales forecasts prepared for investors.

**REQUEST FOR PRODUCTION NO. 21:** All documents any pending or planned litigation related to the '152 patent.

**REQUEST FOR PRODUCTION NO. 22:** All documents concerning any meeting of the Anser Board of Directors at which sales of the PetChatz product was was discussed or considered.

**REQUEST FOR PRODUCTION NO. 23:** Organizational charts sufficient to show the

departments, divisions, parents, and subsidiaries of Anser that are, or have been, involved in the sale of any Covered Products.

**REQUEST FOR PRODUCTION NO. 24:** All documents related to co-development agreements with any third-parties for any Covered Products.

**REQUEST FOR PRODUCTION NO. 25:** All documents concerning Anser's policies for the retention or destruction of documents.

**REQUEST FOR PRODUCTION NO. 26:** All keys, codes, explanations, manuals, and other documents necessary to the interpretation or understanding of the financial and technical documents produced in response to these Requests for Production.

**REQUEST FOR PRODUCTION NO. 27:** All documents concerning the market in the United States from 2011 to present for the Covered Products, including, but not limited to, all documents concerning Anser's and Petzila's respective total sales and market shares in the United States market.

**REQUEST FOR PRODUCTION NO. 28:** Copies of all documents distributed to persons visiting Anser's booth at the 2013 SuperZoo National Show for Pet Retailers at the Mandalay Bay Convention Center in Las Vegas, Nevada.

**REQUEST FOR PRODUCTION NO. 29:** All documents received by Anser from persons visiting Anser's booth at the 2013 SuperZoo National Show for Pet Retailers at the Mandalay Bay Convention Center in Las Vegas, Nevada.

Dated: April 21, 2014  THE GIKKAS LAW FIRM

By: /s/ Nicolas S. Gikkas
NICOLAS S. GIKKAS
Attorneys for Plaintiff
PETZILLA, INC. d/b/a PETZILA