# **EXHIBIT C**

NICOLAS S. GIKKAS (SBN 189452)
THE GIKKAS LAW FIRM
530 Lytton Avenue
2nd Floor
Palo Alto, California 94301
Phone: (650) 617-3419
Facsimile: (650) 618-2600
Email: nsg@gikkaslaw.com

KIEUN SUNG-IKEGAMI (SBN 211762)
JON IKEGAMI (SBN 211766)
INNOVATION COUNSEL LLP
2880 Lakeside Drive
Suite 200
Santa Clara, California 95054
Phone: (408) 331-1670
Facsimile: (408) 638-0326
Email: jsung@innovationcounsel.com
       jikegami@innovationcounsel.com

Attorneys for Plaintiff
PETZILLA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PETZILLA, INC. a Delaware corporation, d/b/a Petzila,<br><br>Plaintiff,<br><br>v.<br><br>ANSER INNOVATION LLC, a Minnesota limited liability company,<br><br>Defendant. | Case No. 14-cv-01354 EMC<br><br>**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT ANSER INNOVATION LLC [Nos. 1-7]**<br><br>**JURISDICTIONAL DISCOVERY**<br><br>**EXPEDITED RESPONSE REQUESTED**<br><br>Judge: Hon. Edward M. Chen |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Petzilla, Inc. d/b/a Petzila ("Petzila") hereby requests Anser Innovation LLC ("Anser") respond to these Interrogatories within five (5) days from the date of service hereof. Unless otherwise agreed between the parties, the documents shall be produced to The Gikkas Law Firm, 530 Lytton Avenue, Palo Alto, CA 94301.

## I. DEFINITIONS

The definitions below are incorporated into each interrogatory.

A. The terms "Anser," "Defendant," "you" and "your" mean, without limitation, Anser Innovation LLC, and its past and present parents, subsidiaries, affiliates, predecessors, unincorporated divisions and its officers, attorneys, agents, representatives, employees, consultants and all persons acting or purporting to act on its behalf.

B. The terms "Plaintiff" and "Petzila" mean, without limitation, Petzilla, Inc., and its past and present parents, subsidiaries, affiliates, predecessors, unincorporated divisions and all its officers, employees, attorneys, agents, representatives, consultants, and all persons acting or purporting to act on its behalf.

C. The term "subsidiary" means a business enterprise, the operations of which are subject to Plaintiff's or Defendant's control through whole or partial stock ownership.

D. The term "affiliate" means a business enterprise effectively controlled by another, but associated with Plaintiff or Defendant through whole or partial ownership.

E. The term "document" includes all writings and recordings, including drafts, as defined by Federal Rule of Evidence 1001 and all materials that constitute "documents" within the broadest meaning of Rule 34 of the Federal Rules of Civil Procedure.

F. The term "person" means any individual, firm, partnership, limited liability company, corporation, proprietorship, association, governmental body or any other organization.

G. The term "communication" includes, without limitation, communications by whatever means transmitted (i.e., whether oral, written, electronic or other methods), as well as any note, memorandum or other record thereof.

H. The terms "relating to" and "concerning" mean reflecting, concerning, containing,

pertaining, referring, relating to, indicating, showing, describing, evidencing, discussing, mentioning, embodying or computing.

 I. To "identify" a person:

1. when used with respect to a natural person means to state his or her full name, present or last known address (specify which) and where applicable, present or last known employer or address thereof, and present or last known job, position or title of that individual;

2. when used with respect to an entity or any other person means to state the full name thereof, present or last known address (specify which), date, state and country of organization, the name under which organized and the name of the chief executive officer or person holding a comparable position.

 J. To "identify" a communication means to furnish a statement of the title of or other means of identification of each such communication; the date of each communication; the person making the communication; the recipient of each such communication; the location where such communication occurred and/or the present location of any and all copies of such communication; and the names and addresses of all persons who have custody, control or possession of such communication or copies.

 K. The term "Complaint" means Petzila's "First Amended Complaint for Declaratory Judgment of Patent Noninfringement and Invalidity" filed in this action on or about April 11, 2014.

 L. Whenever the singular is used, it shall also be taken to include the plural, and vice versa. Whenever the conjunctive is used, it shall also be taken to include the disjunctive, and vice versa.

 M. The term "the '152 patent" means United States Patent No. 7,878,152.

 N. The term "PTO" means the United States Patent and Trademark Office.

 O. The term "PetChatz" means the product described and sold on www.petchatz.com.

 P. The term "Covered Products" means any and all products covered by one or more claims of the '152 patent, including, but not limited to, PetChatz.

Q. The term "product" means any and all products made by Anser or by one or more of Anser's contractors.

## II. INSTRUCTIONS

1. These interrogatories seek responses that are accurate as of the date they are given, and are continuing so that any additional information responsive to these interrogatories that you learn at any time shall be timely furnished to Petzila in supplemental responses.

2. In responding to these interrogatories, please furnish all information known or available to you, including information in possession of your attorneys, other persons directly or indirectly employed or retained by you, including but not limited to, your agents, employees, representatives, investigators, or anyone else acting or purporting to act on your behalf or under your control.

3. If any interrogatory cannot be responded to in full, respond to the extent possible, specify the reasons for the inability to respond to the remainder and state whatever information, knowledge or belief you have concerning the unanswered portion.

4. If a claim of privilege is made, you are requested to specify the grounds on which such claim of privilege is based, in order that the Court and the parties may determine the validity of the claim of privilege.

## III. INTERROGATORIES

INTERROGATORY NO. 1: Identify all persons located, headquartered, or conducting business or work in California for whom you have transacted business and/or provided or received services for hire, whether paid or unpaid, including but not limited to customers, suppliers, employees, developers, contractors and/or investors and the amounts paid to or received from each one, if any.

INERROGATORY NO. 2: Identify by date each instance in which you entered California after February 2011, and describe the reason for each of those visits, including but not limited to any conferences, meetings, workshops, speaking engagements, interviews, seminars, forums, and/or other events in which you participated or attended.

INTERROGATORY NO. 3: Identify all customers, distributors and/or retailers who have

ordered or pre-ordered one or more of your products, including the number sold and the description of each product.

INTERROGATORY NO. 4: Identify all products you currently have in inventory and the location of any warehouses storing said products, including the number of products stored.

INTERROGATORY NO. 5: Identify all sales forecasts created by you or on your behalf of products made by or made for Anser.

INTERROGATORY NO. 6: Identify all persons who are owners and/or investors of Anser and the amounts invested by each.

INTERROGATORY NO. 7: Identify all persons who visited Anser's booth to discuss channels for retail or distribution at the 2013 SuperZoo National Show for Pet Retailers at the Mandalay Bay Convention Center in Las Vegas, Nevada.

Dated: April 21, 2014

THE GIKKAS LAW FIRM

By: /s/ Nicolas S. Gikkas
NICOLAS S. GIKKAS
Attorneys for Plaintiff
PETZILLA, INC. d/b/a PETZILA