UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETZILLA, INC., | No. C-14-1354 EMC |
| Plaintiff, | **ORDER GRANTING (1) PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; AND (2) PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE RESPONSE** |
| v. | |
| ANSER INNOVATION LLC, | |
| Defendant. | |
| _____/ | **(Docket Nos. 35-3, 37)** |

Currently pending before the Court is Petzilla's motion seeking leave to seek reconsideration of the Court's order regarding jurisdictional discovery and motion for an extension of time to file a response to Anser's motion to dismiss. Having considered the parties' papers, the Court **DENIES** Petzilla's request for leave to file a motion for reconsideration. The Court **GRANTS** in part Petzilla's request for an extension of time to file its response.

A.  Legal Standard

In the absence of a manifest failure of the Court, a party seeking leave to file a motion for reconsideration must show a material difference in fact or law that either existed at the time of the interlocutory order in question (but of which the party did not, in the exercise of reasonable diligence, know about) or that emerged after the interlocutory order. *See* Civ. L. R. 7-9(b).

B.  Material Difference in Fact

In this case, Petzilla points to alleged inconsistencies between Anser's CEO's prior declaration and the jurisdictional discovery it obtained. Petzilla argues that these alleged

inconsistencies amount to a material difference in fact that warrants reconsideration of the scope of permissible jurisdictional discovery. *See* Docket No. 35-3 (Motion for Leave, ¶. 4-8).

The possibility of such inconsistencies, however, does not present a material difference in fact. The prior discovery order specifically considered the possibility of inconsistencies between the CEO's declaration and other documents, including public statements of Anser. *See* Docket No. 28 (Order, p. 2). The Order then defined the scope of permissible discovery, not based on a reading of those particular alleged inconsistencies, but rather in view of case law defining examples of "other activities" that meet the "relate to" requirement for specific personal jurisdiction. *See* Order, ¶. 3-4. The Court expressly declined to entertain general jurisdiction based on evidence regarding the volume of sales or pre-orders in light of the Supreme Court's decision in *Daimler AG v. Bauman,* 134 S. Ct. 746 (2014). *Id.* Petzilla has not offered any reason for the Court to reconsider its prior reasoning on the scope of permissible discovery. Accordingly, the Court declines to grant leave to Petzilla to file a motion for reconsideration.

C.   Extension of Time

Petzilla seeks an extension of time to file its response to Anser's motion to dismiss in view of its concerns regarding discovery scope. Petzilla has pointed to an apparently failed attempt to resolve with Anser the timing issue of the filing of its opposition. The Court finds good cause for an extension—*not* for Petzilla to seek additional discovery beyond the scope of its May 20, 2014 Order—but rather to allow Petzilla to take the deposition of Ms. Lavin as anticipated by the Court's May 20th Order. Moreover, as Anser points out, Petzilla will have the opportunity to address its concerns regarding inconsistencies in Ms. Lavin's declaration through cross-examination at Ms. Lavin's deposition.

///

///

///

///

///

///

To allow Petzilla time to take Ms. Lavin's deposition, the Court **GRANTS** Petzilla's motion for an enlargement of time, but extends such time by only one week, unless another time is agreed to by the parties. Unless otherwise agreed to, Petzilla's opposition shall be due on August 11, 2014, and Anser's reply will be due on August 18, 2014.

This order disposes of Docket Nos. 35-3 and 37.

IT IS SO ORDERED.

Dated: August 4, 2014

_____
EDWARD M. CHEN
United States District Judge