# **EXHIBIT A**

1  NICOLAS S. GIKKAS (SBN 189452)
   THE GIKKAS LAW FIRM
2  530 Lytton Avenue
   2nd Floor
3  Palo Alto, California 94301
   Phone: (650) 617-3419
4  Facsimile: (650) 618-2600
   Email: nsg@gikkaslaw.com
5

6  KIEUN SUNG-IKEGAMI (SBN 211762)
   JON IKEGAMI (SBN 211766)
7  INNOVATION COUNSEL LLP
   2880 Lakeside Drive
8  Suite 200
   Santa Clara, California 95054
9  Phone: (408) 331-1670
   Facsimile: (408) 638-0326
10 Email: jsung@innovationcounsel.com
          jikegami@innovationcounsel.com
11

12 Attorneys for Plaintiff
   PETZILLA, INC.
13

14                    UNITED STATES DISTRICT COURT

15                    NORTHERN DISTRICT OF CALIFORNIA

16                         SAN FRANCISCO DIVISION

17

18 
19 PETZILLA, INC. a Delaware corporation,      Case No. 14-cv-01354 EMC
   d/b/a Petzila,
                                                **PLAINTIFF'S FIRST SET OF
20                Plaintiff,                    REQUESTS FOR PRODUCTION OF
                                                DOCUMENTS TO DEFENDANT ANSER
21         v.                                   INNOVATION LLC [Nos. 1-20]**

22 ANSER INNOVATION LLC, a Minnesota
   limited liability company,
23                                              Judge: Hon. Edward M. Chen
                  Defendant.                    Courtroom: 5, 17th Floor
24

25

26

27

28

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
CASE NO. 14-CV-01354-EMC

| | |
|---|---|
| PROPOUNDING PARTY: | Plaintiff Petzilla, Inc. |
| RESPONDING PARTY: | Defendant Anser Innovation, LLC. |
| SET NUMBER: | One |

Pursuant to the Order Granting in Part and Denying in Part Plaintiff's Motion for Leave to Take Jurisdictional Discovery (Dkt. No. 28) and Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Petzilla, Inc. d/b/a Petzila ("Petzila") hereby requests that Anser Innovation LLC ("Anser") produce for inspection and copying each of the documents and tangible items described below at the offices of The Gikkas Law Firm, 530 Lytton Avenue, 2nd Floor, Palo Alto, CA 94301, or at such place as may be mutually agreed upon under oath, in writing, within the time specified by Rule 34(b)(2)(A) of the Federal Rules of Civil Procedure.

## I.   INSTRUCTIONS

The following instructions apply to each of the requests for documents set forth herein:

1. Please produce entire documents, including, but not limited to, attachments, enclosures, cover letters, memoranda and appendices.

2. Pursuant to the Federal Rules of Civil Procedure, these requests for documents shall be deemed continuous up to and following the trial of this proceeding such that any document or thing requested herein which is either discovered by you or comes within your possession, custody or control subsequent to your initial responses hereto, but prior to the final conclusion of this case, should be produced in a supplemental response to these Document Requests immediately upon its discovery or receipt by you or your counsel.

3. If any document is withheld under a claim of privilege, in order that the Court and the parties may determine the validity of the claim of privilege, please provide a privilege log identifying each document withheld, including:

   a. The type of document;
   b. The approximate date, and manner of recording, creating or otherwise preparing the document;
   c. The subject matter of the document;

    d.  The name and organizational position of the person(s) who produced the document;

    e.  The name and organizational position of the person(s) who received a copy of the document, or to whom the document was disclosed; and

    f.  The claimed grounds on which the document is being withheld and facts sufficient to show the basis for each claim of privilege.

  4.  If you object to any part of a request for documents and refuse to produce documents responsive to that part, state your objection and respond to the remaining portion of that request. If you object to the scope or time period of a request for documents, state your objection and respond to the request for documents for the scope or time period you believe is appropriate.

  5.  Please produce all documents in the order in which they are kept in the ordinary course of business, and in their original file folders, binders, covers or containers or facsimile thereof.

  6.  Any document bearing any changes, including, but not limited to, markings, handwritten notation, or other differences that are not a part of the original text, or any reproduction thereof, is to be considered a separate document for purposes of responding to the following document requests. English translations or partial translations of foreign language documents should also be considered separate documents.

  7.  If a requested document is in a language other than English, please produce both the original and any existing English translation thereof.

  8.  If any of the following requests for documents cannot be responded to in full after exercising due diligence to secure the requested documents, please so state and respond to the extent possible, specifying your inability to respond to the remainder and stating whatever information you have regarding, referring or relating to the unanswered portions. If your response is qualified in any particular manner, set forth the details of such qualification.

  9.  Please produce both hard copies and electronic versions of electronic records and produce computerized information in an intelligible format with a description of the system from

1  which it was derived sufficient to permit rendering the materials intelligible.

2      10.    Unless otherwise indicated in the individual request, the time period covered by these requests runs from February 1, 2011 to the date of your response.

## II. DEFINITIONS

The definitions below are incorporated into each request for production.

    A.    The terms "Anser," "Defendant," "YOU" and "YOUR" mean, without limitation, Anser Innovation LLC, and its past and present parents, subsidiaries, affiliates, predecessors, unincorporated divisions and its directors, officers, attorneys, agents, representatives, employees, consultants and all persons acting or purporting to act on its behalf.

    B.    The terms "Plaintiff" and "Petzila" mean, without limitation, Petzilla, Inc., and its past and present parents, subsidiaries, affiliates, predecessors, unincorporated divisions and all its officers, employees, attorneys, agents, representatives, consultants, and all persons acting or purporting to act on its behalf.

    C.    The term "subsidiary" means a business enterprise, the operations of which are subject to Plaintiff's or Defendant's control through whole or partial stock ownership.

    D.    The term "affiliate" means a business enterprise effectively controlled by another, but associated with Plaintiff or Defendant through whole or partial ownership.

    E.    The term "DOCUMENT" or "DOCUMENTS" is used herein as defined in Rule 34 of the Federal Rules of Civil Procedure and includes a writing, recording, photograph, original or duplicate as defined by Federal Rules of Evidence 1001, and shall be used in its broadest meaning of Rule 34 of the Federal Rules of Civil Procedure and shall include, but is not limited to, any tangible things capable of storing information, including but not limited to the following items, whether printed, typed or recorded or reproduced by hand or electronically, magnetically, optically or in any graphic manner by any kind or nature however produced or reproduced, whether sent or received or neither, whether within the actual or constructive possession, custody, or control of any agent, employee, consultant, or any other PERSON acting or purporting to act on YOUR behalf, including drafts and copies bearing notations or marks not found on the original, and include, but are not limited to:

- all letters or other forms of correspondence or communication, including envelops, notes, telefaxes, telegrams, cables, electronic mail messages, text messages, video messages, telex messages, and telephone messages (including reports, notes, notations and memorandum of or relating to any telephone conversations or conferences or personal interviews);
- all memoranda, laboratory notebooks, research reports, speeches, reports, financial statements or reports, appraisals, estimates, sales proposals, RFQ or RFP responses, notes, transcripts, tabulations, ledgers, studies, analyses, evaluations, projections, work papers of any type, corporate records or copies thereof, lists, comparisons, questionnaires, surveys, charts, graphs, maps, diagrams, summaries, tables, indexes, extracts, statistical records, compilations, reports and/or summaries of investigations, testing or analyses, marginal notations, desk calendars, appointment books, diaries, invoice receipts, shipping records, bills of lading, contracts, insurance policies;
- all books, manuscripts (whether submitted for publication or not), advertisements (whether submitted for publication or not), press releases, magazines, newspapers, booklets, brochures, sales support materials, training materials, pamphlets, circulars, bulletins, notices, speeches, instructions, manuals, and articles;
- all minutes, transcripts, notes, presentation material, and memoranda of meetings;
- all photographs, drawings, microfilms, tapes or other recordings, punch cards, magnetic tapes, magnetic disks, optical or magneto-optical disks, print-outs, and other data compilations from which information can be obtained, and any other information recorded in or on any medium whatsoever;
- all contracts, agreements, understandings, representations, warranties; and
- any and all drafts of the foregoing.

F.  The term "PERSON" or "PERSONS" means any individual, firm, partnership, corporation, limited liability company, proprietorship, association, governmental body or any other organization.

G. The term "SALE" or "SALES" means advertised, offered for sale, sold or transferred.

H. The term "communication" includes, without limitation, communications by whatever means transmitted (i.e., whether oral, written, electronic or other methods), as well as any note, memorandum or other record thereof.

I. The terms "relating to" and "concerning" mean reflecting, concerning, containing, pertaining, referring, relating to, indicating, showing, describing, evidencing, discussing, mentioning, embodying or computing.

J. The term "Complaint" means Petzila's "First Amended Complaint for Declaratory Judgment of Patent Noninfringement and Invalidity" filed on April 11, 2014.

K. Whenever the singular is used, it shall also be taken to include the plural, and vice versa. Whenever the conjunctive is used, it shall also be taken to include the disjunctive, and vice versa.

L. The term "the '152 patent" means United States Patent No. 7,878,152.

M. The term "PTO" means the United States Patent and Trademark Office.

N. The term "PetChatz" means the product described and sold on www.petchatz.com.

O. The term "Covered Products" means any and all products covered by one or more claims of the '152 patent, including, but not limited to, PetChatz.

### III.  REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

REQUEST FOR PRODUCTION NO. 1: All DOCUMENTS identified in paragraphs 4, 8, 10, 13, 14 and 16 of the Declaration of Lisa M. Lavin (Dkt. No. 14-5), to the extent that the specified paragraphs are related to distribution and/or retail SALES.

REQUEST FOR PRODUCTION NO. 2: All DOCUMENTS related to distribution and/or retail SALES.

REQUEST FOR PRODUCTION NO. 3: All DOCUMENTS related to distribution and/or retail SALES with at least one reference to the '152 patent or to Covered Products, whether express or implied.

REQUEST FOR PRODUCTION NO. 4: All DOCUMENTS discussing, referring to, or

relating to any oral communications, including but not limited to telephone conversations, between Anser and any PERSON related to distribution and/or retail SALES.

REQUEST FOR PRODUCTION NO. 5: All DOCUMENTS related to distribution and/or retail SALES with Tuffy's Pet Foods, Inc.

REQUEST FOR PRODUCTION NO. 6: All DOCUMENTS discussing, referring to, or relating to any oral communications, including but not limited to telephone conversations, between Anser and Tuffy's Pet Foods, Inc. related to distribution and/or retail SALES.

REQUEST FOR PRODUCTION NO. 7: All DOCUMENTS related to distribution and/or retail SALES with PetCo Animal Supplies, Inc.

REQUEST FOR PRODUCTION NO. 8: All DOCUMENTS discussing, referring to, or relating to any oral communications, including but not limited to telephone conversations, between Anser and PetCo Animal Supplies, Inc. related to distribution and/or retail SALES.

REQUEST FOR PRODUCTION NO. 9: All DOCUMENTS related to distribution and/or retail SALES with PetFood Express, Ltd.

REQUEST FOR PRODUCTION NO. 10: All DOCUMENTS discussing, referring to, or relating to any oral communications, including but not limited to telephone conversations, between Anser and PetFood Express, Ltd. related to distribution and/or retail SALES.

REQUEST FOR PRODUCTION NO. 11: All DOCUMENTS related to distribution and/or retail SALES with any PERSONS attending the SuperZoo National Show for Pet Retailers.

REQUEST FOR PRODUCTION NO. 12: All DOCUMENTS discussing, referring to, or relating to any oral communications, including but not limited to telephone conversations, between Anser and any PERSONS attending the SuperZoo National Show for Pet Retailers related to distribution and/or retail SALES.

REQUEST FOR PRODUCTION NO. 13: All DOCUMENTS sufficient to identify any and all SALES representatives, retailers, distributors, and/or resellers for each of the Covered Products.

REQUEST FOR PRODUCTION NO. 14: All DOCUMENTS collected from retailers and/or distributors accessing http://www.petchatz.com/store/retailers/account.

**REQUEST FOR PRODUCTION NO. 15:** All DOCUMENTS related to PERSONS registering on one or more Anser websites seeking to be retailers and/or distributors, including but not limited to http://www.petchatz.com/store/retailers/account.

**REQUEST FOR PRODUCTION NO. 16:** All DOCUMENTS related to Anser's marketing plans that discuss the use of distributors and/or retailers.

**REQUEST FOR PRODUCTION NO. 17:** All DOCUMENTS related to Anser's sales forecasts identifying distributors and/or retailers.

**REQUEST FOR PRODUCTION NO. 18:** All DOCUMENTS related to meetings of the board of directors concerning any discussions of distributors and/or retailers.

**REQUEST FOR PRODUCTION NO. 19:** All DOCUMENTS related to Anser's policies for the retention or destruction of DOCUMENTS.

**REQUEST FOR PRODUCTION NO. 20:** All keys, codes, explanations, manuals, and other DOCUMENTS necessary to the interpretation or understanding of the financial and technical DOCUMENTS produced in response to these Requests for Production.

Dated: June 6, 2014

THE GIKKAS LAW FIRM

By: _____
NICOLAS S. GIKKAS
Attorneys for Plaintiff
PETZILLA, INC. d/b/a PETZILA

## CERTIFICATE OF SERVICE

I, the undersigned counsel for Petzilla, Inc., do hereby certify that on this 6th day of June 2014, served **PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ANSER INNOVATION LLC [NOS. 1-20]**, by causing a true and correct copy to be delivered via First Class U.S. Mail, addressed to the following attorney in this case:

Grant Fairbairn
Fredrikson & Byron, P.A.
Attorney
200 South Sixth Street
Suite 4000
Minneapolis, MN  55402

_____
Nicolás S. Gikkas (SBN 189452)
The Gikkas Law Firm
530 Lytton Avenue
2nd Floor
Palo Alto, CA  94301
Phone:  (650) 617-3419
Facsimile:  (650) 618-2600
Email:  nsg@gikkaslaw.com

Attorney for Plaintiff
PETZILLA, INC. d/b/a PETZILA

CERTIFICATE OF SERVICE
CASE NO. 14-CV-01354-EMC